# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JESSIE HILL  PETITIONER
ADC # 104136

VS.  5:16CV00258 JLH/JTR

WENDY KELLEY, Director,
Arkansas Department of Corrections  RESPONDENT

## RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Petitioner, Jessie Hill ("Hill"), an Arkansas Department of Correction inmate, has filed a § 2254 Petition for Writ of Habeas Corpus, and a Motion for Leave to Proceed *In Forma Pauperis*. Doc. 1 & 6. In his Petition, Hill raises

1

various habeas claims challenging his 1995 conviction for first-degree murder, from Ouachita County, Arkansas.[1]

Over nineteen years ago, on June 9, 1997, Hill filed a § 2254 habeas action challenging his Ouachita County conviction. *Hill v. Norris*, E.D. Ark. No. 5:97-CV-00257-BRW. On July 12, 1999, United States District Judge Billy Roy Wilson dismissed the case with prejudice. Hill did not appeal.

On February 20, 2009, Hill filed a second § 2254 habeas action challenging the same conviction. *Hill v. Norris*, E.D. Ark. No. 5:09-CV-00050-BRW. Judge Wilson dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit to file a second or successive petition. Hill sought a certificate of appealability from the Eighth Circuit. The Eighth Circuit later denied Hill's request to file a successive habeas petition. *Hill v. Norris*, No. 09-2240 (8th Cir. September 15, 2009).

---

[1]Hill was sentenced as a habitual offender to sixty years of imprisonment. His direct appeal was unsuccessful. *Hill v. State*, 325 Ark. 419 (1996).

Hill is also serving a sentence of life imprisonment for capital murder from a separate 1995 conviction from Grant County, Arkansas. Although Hill's § 2254 Petition in this case, (*doc. 1*), relates solely to his Ouachita County conviction on October 12, 1995, he filed a 161-page "Supplement," (*doc. 2*), and two "Motions to Correct," (*docs. 3 & 5)*, in this case that relate to his Grant County conviction.

On September 7, 2016, Hill filed a separate 161-page § 2254 Petition challenging the Grant County conviction. That habeas Petition is identical to the "Supplement" filed in this case. *See Hill v. Kelley*, E.D. Ark. No. 5:16cv277-JLH-JTR. Because Hill's "Supplement," (*doc. 2*), and "Motions to Correct," (*doc. 3 & 5*), have nothing to do with the merits of this habeas action, which challenge his state court conviction in Ouachita County, the Supplement should be stricken from the record and the "Motions to Correct" should be denied as moot.

On January 15, 2013, Hill filed a third § 2254 habeas action challenging his Ouachita County conviction. *Hill v. Hobbs*, E.D. Ark. No. 5:13-CV-00014-JLH. United States District Judge J. Leon Holmes dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit to file a second or successive petition. Hill appealed to the Eighth Circuit, which affirmed and denied a certificate of appealability. *Hill v. Norris*, No. 14-2441 (8th Cir. September 29, 2014).

Finally, Hill later filed at least two other applications for authorization to file a successive 2254 petition challenging the Ouachita County conviction. The Eighth Circuit also denied these applications. *See Hill v. Hobbs*, No. 13-2274 (8th Cir. August 30, 2013)*; Hill v. Hobbs*, No. 13-1221 (8th Cir. January 30, 2013).

## II. Discussion

Hill has now filed yet another successive § 2254 habeas action challenging his 1995 state conviction in Ouachita County, Arkansas. Only the Eighth Circuit Court of Appeals has the authority to grant permission to file such a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Hill obtains the required

authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hill's Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 6*, be GRANTED;

2. Hill's Motions to Correct, *Docs. 3 & 5*, be DENIED as moot;

3. Hill's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 1*, be DISMISSED, WITHOUT PREJUDICE, so that Hill may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

4. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this _9th_ day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE